THE MORAVIAN SEMINARY FOR YOUNG LADIES, plaintiff in error, *vs.* WILLIAM H. ATWOOD *et al.*, administrators, defendants in error.

An account was contracted and due in September, 1862. Administration was granted on the estate of the debtor in September, 1869—it not appearing in the record when he died. Suit was instituted on the account in October, 1871:

*Held,* That the action was barred by the statute of limitations of March 16th, 1869. Even though the plaintiff may not have been entitled to have brought suit against the administrator by the first of January, 1870—which we do not determine—the spirit and equity of the statute require that it should have been commenced within a period after twelve months from the grant of administration, which was equal to the time allowed by the statute for bringing suits on such debts, to-wit: from the date of the passage of the Act to the first of January, 1870.

Administrators and executors. Statute of limitations. Before Judge COLE. Bibb Superior Court. October Term, 1872.

The Moravian Seminary for Young Ladies at Bethlehem, Pennsylvania, brought complaint against William H. Atwood and Albert G. Butts, administrators of James R. Butts, deceased, on the following account:

BETHLEHEM, PA., December 20, 1869.
Estate of James R. Butts, Macon, Georgia, for Catharine Butts,
  To Moravian Seminary for Young Ladies,                          Dr.
For balance on account running from Sept., 1860, to Sept., 1862...$675 84
Cr. By cash, November 26, 1866........................................ ....... 300 00

                                                                        $375 84

The defendants pleaded the general issue and the statute of limitations.

The plaintiff, in its introduction of proof, showed that the defendants received letters of administration on the estate of James R. Butts on September 6th, 1869.

When the plaintiff closed, the defendants moved for a non-suit, upon the ground that the account was barred by the statute of limitations of March 16th, 1869, having accrued prior to June 1st, 1865. The motion was sustained and the case dismissed.

To this ruling the plaintiff excepted.

Poe, Hall & Poe, for plaintiff in error.

Nisbets & Jackson, for defendants.

Trippe, Judge.

The Act of March 16th, 1869, requires that all actions on contracts which accrued prior to June 1st, 1865, should be commenced by January, 1st, 1870. The debtor in this case had died before that day. The record does not disclose the date of his death. Administration was granted on his estate in September, 1869. From the passage of the Act until the period of limitation fixed therein, there were more than nine months. From the grant of the letters of administration to that period, there were but four months. By section 2548, New Code, administrators are exempt from suit until the expiration of twelve months from their qualification. The terms of the Act of 1869 would bar the right of action if it were not brought by January 1st, 1870. The section quoted of the Code, prohibited this action from being instituted *until September*, 1870. It was argued by defendant in error that the effect of the Act of 1869 is to repeal section 2548; that the action could have been commenced by the 1st of January, 1870, and, not being so brought, it is barred. Such a construction would involve other serious questions in this and similar cases. If the debtor, Mr. Butts, was dead at the pas-

sage of the Act, there was at that time no administration on his estate. A contest over the administration might have delayed the grant of letters for several months until they were issued; no action, of course, could have been commenced. This would have reduced the short period of nine months and fifteen days allowed by the Act to a still smaller number of months, or possibly weeks, and thus present the question, whether that was a reasonable time. Short as was the period which was allowed, it would, in all cases, have been still less where the debtor was deceased at the time the Act was passed, or died between that period and the 1st of January, 1870, and, doubtless, in many instances such a construction would amount to a practical denial of justice.

We forbear, then, to hold that in this case the Act of 1869 required this suit to be brought by the first of January, 1870.

Since the judgment was pronounced in this case, it has been held by Erskine, Judge, in Marsh *et al. vs* Burroughs *et al.*, and in Scott *vs.* the Same, decisions in the Circuit Court of the United States for the Southern District of Georgia, at November term, 1873, that the Act of March, 1869, does not repeal the exemption given to administrators by section 2548, New Code. In the decision, a strong exposition is given of not only the injustice that a contrary ruling might produce, but that it would, in many cases, present serious constitutional questions, as to whether parties plaintiff would have a reasonable time allowed them for the prosecution of their rights. These times would vary from a few weeks to a few months, and it might be in some instances that no time was left, and that, too, without fault or *laches* on the part of the creditor. It would be a harsh judgment, that the great and important right granted to the representative of the estate of deceased persons by the section referred to, and which has been allowed for more than three-quarters of a century, should be taken away by implication.

It has been argued that all the essential purposes of this exemption might be secured by permitting or requiring the action to be brought within the time specified in the Act of

1869, and to stay proceedings until the expiration of the twelve months; that this would not deny to the representative any benefit embraced within the policy of the exemption, and would, at the same time, meet the great cardinal idea that led to the adoption of the Act of 1869, by putting persons on notice of these old debts, the parties to which had gone through a revolution, and which ought not to be permitted to linger any longer without some legal assertion and notice of the right claimed ; that such debts stood in a peculiar *status* when death had swept off so many debtors and creditors and witnesses ; and that it was the policy of that Act to require them to be at once, or at a very early date, notified to those against whom they were to be asserted ; and that it would be but a prudent caution to permit the action to be instituted, with a proper stay of proceedings, so that the practical benefit of the exemption to administrators, etc., might be secured.

Be this as it may, we are satisfied that the action in this case was barred when it was commenced. It was not instituted by the first of January, 1870, nor within a period after the expiration of twelve months from the grant of letters of administration, which was equal to the time between the passage of the Act to the first of January ensuing. We think that it should at least have been brought by that time. This would have given the plaintiff until June, 1871. He did not sue until October thereafter, and is consequently barred by several months.

We fix that period because it gives just what the Act of 1869 allows to parties who held such claims. To say that the statute referred to does not control or affect this claim in any way, would be to say that the death of the debtor, though administration may have been had, as it was, would give the creditor three years instead of nine months. For if he is not affected by the Act this would be the result. There was no statute running against him until July, 1868. Only one year had expired to the probable time of the death of the debtor, or up to a period about six weeks before administration was granted on his estate, so that striking out the one year's ex-

emption to the administrator, he would have had three years from September, 1870, or until September, 1873, to institute suit on an account contracted and due in September, 1862. This was certainly never intended, and yet the contrary to what we now hold would have that effect. The debt is clearly within the terms of the Act. A fixed period is declared within which action must be brought. If by any legislative bar, that time is covered so as to prevent suit, then it should be commenced within a like period after the removal of that bar.

This is the rule that applies in analogous cases. If a debt would become barred within six months from the time when administration is granted on a debtor's estate, provided he had not died, then the twelve months' exemption allowed the representative shall not count against it. But immediately thereafter the statute recommences running, and would be a bar after six months from that time. In *Addison vs. Christy & Company*, 49 *Georgia*, 431, it was held that under the eighth section of the Act of 1869 an account contracted and due on January 31st, 1866, on which suit was not brought until March, 1870, was barred, and that said Act operated so as to annul the effect of the various Acts suspending the statutes of limitation, and placed contracts made after June 1st, 1865, within the general law of limitations, as provided in the Code. If the debtor in that case had died, and administration had been granted, as in this, in September, 1869, then as four months would have barred the creditor had his debtor lived, he was entitled to the four months after the twelve months' exemption to the representative had expired. This would have given him until January, 1871. But had his account been made in January, 1865, and it was held that it did not come at all within the operation of the Act of 1869, he would have, as heretofore stated, until some time in 1873 to sue. This would produce the strange anomaly, that an account contracted and due in January, 1865, would require two years longer before it would be barred by the statute, than one due one year thereafter, provided that in both cases the

debtors died between the time of the passage of the Act of 1869 and the 1st of January, 1870.

We think that upon principle, and the reason and spirit of the Act, we are sustained in the construction we give it.

Judgment affirmed.