# CANADIAN NORTHERN RAILWAY COMPANY *v.* EGGEN.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 281. Argued March 1, 1920.—Decided April 19, 1920.

The "privileges and immunities" clause of the Constitution, Art. IV, § 2, protects rights which are in their nature fundamental, including the right of a citizen of one State to institute and maintain actions in the courts of another; but in that respect the requirement is satisfied if the non-resident be given access to the courts upon terms that are reasonable and adequate for enforcing whatever rights he may have, even though the terms be not the same as are accorded to resident citizens.  P. 562.

The power is in the courts, ultimately in this one, to decide whether the terms allowed the non-resident are reasonable and adequate. *Id.*

A Minnesota statute, in force since 1858, provides that when a cause of action has arisen outside of the State and, by the laws of the place

where it arose, an action thereon is there barred by lapse of time, no such action shall be maintained in the State unless the plaintiff be a citizen thereof who has owned the cause of action ever since it accrued. *Held* constitutional as applied to an action in Minnesota by a citizen of South Dakota against a Canadian corporation for personal injuries sustained by the plaintiff in Canada, the Canadian limitation in such cases being one year, whereas the time allowed in Minnesota, apart from the above provision, is six years. P. 559.

255 Fed. Rep. 937, reversed.

THE case is stated in the opinion.

*Mr. William D. Mitchell*, with whom *Mr. Pierce Butler* was on the brief, for petitioner:

The power to classify exists, and a difference in right or privilege resulting from classification is not objectionable, provided the classification has a reasonable basis, and rests on a real distinction which bears a just relation to the attempted classification and is not a mere arbitrary selection. *Magoun* v. *Illinois Trust & Savings Bank,* 170 U. S. 283, 294.

Granting the power of classification, we must grant government the right to select the differences upon which the classification shall be based, and they need not be great or conspicuous. *Citizens' Telephone Co.* v. *Fuller,* 229 U. S. 322, 331. Such classification need not be either logically appropriate or scientifically accurate. *District of Columbia* v. *Brooke,* 214 U. S. 138, 150. *Chambers* v. *Baltimore & Ohio R. R. Co.,* 207 U. S. 142, 148, 149, must be read in the light of these principles.

The Constitution does not prohibit a discrimination between residents of different States as to the time within which a suit may be commenced if it is based upon a practical difference in the conditions which have surrounded the prosecution of the claim, resulting from a difference in residence. Residence, as affecting the facility for bringing suit, is an important factor in all statutes of limitation. A difference is made in the time allowed to

bring suit against resident and non-resident defendants. Such discrimination in favor of a resident defendant is not invalid.

In the Minnesota statute, the basis for the distinction made by the exception is not merely the fact of residence or citizenship in Minnesota, but the fact that the resident plaintiff, who has owned the cause of action since it accrued, cannot be charged with the same delinquency in prosecuting his claim against a non-resident as is chargeable to a non-resident plaintiff or is imputed to a resident plaintiff who has purchased the claim by assignment from a non-resident. The statute is not a clear and hostile discrimination against citizens of other States. Citizenship is not the sole basis for the discrimination. The exception favors only those who have owned the cause of action since it accrued. Again, it is only where the foreign statute prescribes a shorter period of limitation than the Minnesota statute that any difference exists between resident and non-resident plaintiffs. It applies only to causes of action arising outside of the State.

It may be suggested that the test applied by the statute is not residence, but citizenship, and therefore the justification for classification fails. But the word "citizen," as used in state statutes, is often synonymous with the word "resident" and may be so construed. *Cairnes v. Cairnes,* 29 Colorado, 260; *Union Hotel Co. v. Hersee,* 79 N. Y. 454; *Smith v. Birmingham Water Works Co.,* 104 Alabama, 315; *Risewick v. Davis,* 19 Maryland, 82, 93; *Judd v. Lawrence,* 55 Massachusetts, 531; *Bacon v. Board of State Tax Commissioners,* 126 Michigan, 22; *Cobbs v. Coleman,* 14 Texas, 594, 597; *State v. Trustees,* 11 Ohio St. 24, 28; *Baughman v. National Waterworks Co.,* 46 Fed. Rep. 4, 7; *Harding v. Standard Oil Co.,* 182 Fed. Rep. 421; *Devanney v. Hanson,* 60 W. Va. 3; *Sedgwick v. Sedgwick,* 50 Colorado, 164; *Stevens v. Larwill,* 110 Mo. App. 140.

The evident purpose of the legislature and the prin-
ciples underlying this statute would justify this interpre-
tation if necessary to sustain it.   The word "citizen"
was used to make it clear that permanent residence or
domicile, and not temporary residence, is the test.   But
if the word "citizen" be accepted as having a different
meaning than "resident," the result is the same.   Under
the Fourteenth Amendment, to be a citizen of Minnesota
a person must be a residents of the State.

If the validity of this statute be in doubt, legislative
and judicial acquiescence in the validity of such statutes
for a long period should operate to resolve that doubt in
favor of the statute.   The statutes of many other States
are substantially identical in terms with, or embody the
same principle as, the Minnesota statute.   They use the
word "citizen," instead of "resident."   They have been
applied by the courts in hundreds of cases, covering over
a period of nearly three-quarters of a century.   See, for
example, *Penfield* v. *Chesapeake &c. R. R. Co.*, 134 U. S.
351.

The validity of such statutes has been questioned in
but four cases (*Chemung Canal Bank* v. *Lowery*, 93
U. S. 72; *Aultman & Taylor Co.* v. *Syme*, 79 Fed. Rep.
238; *Robinson* v. *Oceanic Steam Nav. Co.*, 112 N. Y. 315;
*Klotz* v. *Angle*, 220 N. Y. 347), but in each the discrimina-
tion between residents and non-residents has been sus-
tained.   If there be doubt as to the constitutionality of
the law, this long acquiescence would be persuasive, and
should be controlling.   *Stuart* v. *Laird*, 1 Cranch, 299;
*Field* v. *Clark*, 143 U. S. 649, 691.

Although there is a difference between a statute making
a distinction between citizens and one making a distinc-
tion between residents, only aliens could take exception
to the use of the word "citizen" instead of "resident."
The privileges and immunities clause does not apply to
aliens, and, as to the equal protection clause, it is enough

to say that no alien is a party to this suit, and only those injuriously affected can urge the invalidity of a statute. *Standard Stock Food Co.* v. *Wright,* 225 U. S. 540.

*Mr. Ernest A. Michel,* with whom *Mr. Tom Davis* was on the brief, for respondent:

The effect and intent of the Minnesota statute is to give to citizens of Minnesota privileges which are denied to non-citizens.    *Fletcher* v. *Spaulding,* 9 Minnesota, 54. The statute permits a discrimination based solely on the ground of citizenship.

A right of action to recover damages for an injury is property, which the legislature has no power to destroy. *Angle* v. *Chicago &c. Ry. Co.,* 151 U. S. 1.    The action being properly brought, the State cannot keep and retain this privilege for its own citizens and deny it to citizens of other States.    The word "privileges" must be confined to those privileges which are fundamental; and includes the right to institute and maintain actions of any kind in the courts of the State.    *Corfield* v. *Coryell,* 4 Wash. C. C. 371, 380.    See also *Paul* v. *Virginia,* 8 Wall. 168, 180; *Ward* v. *Maryland,* 12 Wall. 418, 430; *Cole* v. *Cunningham,* 133 U. S. 107, 114; *Slaughter-House Cases,* 16 Wall. 36, 77.    The right is not "merely procedural."

Respondent is denied the right to seek redress in the courts of Minnesota, because he is not a citizen of Minnesota, but is a citizen of South Dakota.    Article IV, § 2, of the Constitution, intended to confer a general citizenship upon all citizens of the United States.    *Cole* v. *Cunningham, supra;* and because the discrimination in the statute is based solely on citizenship, the statute must fall.

That the Minnesota statute is unconstitutional is conclusively settled by *Chambers* v. *Baltimore & Ohio R. R. Co.,* 207 U. S. 142.    That case leaves it undisputed that the right to maintain actions in the courts is one of the fundamental privileges guaranteed and protected by the

Constitution, and that this right must be given to non-citizens the same as to citizens, no more, no less, and without any restrictions or reservations that are not of equal application to citizens and non-citizens. See also *Blake* v. *McClung*, 172 U. S. 239, 266; *Chalker* v. *Birmingham & Northwestern Ry. Co.*, 249 U. S. 522; *Maxwell* v. *Bugbee*, 250 U. S. 525.

The contention that to hold the statute unconstitutional would nullify statutes in existence for many years is not of great weight. *Slocum* v. *New York Life Ins. Co.*, 228 U. S. 364.

The statute also contravenes the Fourteenth Amendment.

*Chemung Canal Bank* v. *Lowery*, 93 U. S. 72, is not in point. The question of the authority of the legislature to pass the statute there involved is left wholly untouched. The question here is not a question of a reason for the statute; it is a question of power.

None of the cases cited by petitioner, holding generally that a reasonable classification is not a violation of the privileges and immunities clause, hold that any State may take away any fundamental right or privilege of a citizen of the United States solely because he does not happen to be a citizen of that State.

MR. JUSTICE CLARKE delivered the opinion of the court.

The only question presented for decision in this case is as to the validity of § 7709 of the Statutes of Minnesota (General Statutes of Minnesota, 1913), which reads:

"When a cause of action has arisen outside of this state and, by the laws of the place where it arose, an action thereon is there barred by lapse of time, no such action shall be maintaind in this state unless the plaintiff be a citizen of the state who has owned the cause of action ever since it accrued."

The Circuit Court of Appeals, reversing the District

Court, held this statute invalid for the reason that the exemption in favor of citizens of Minnesota rendered it repugnant to Article IV, § 2, of the Constitution of the United States, which declares that "The citizens of each State shall be entitled to all privileges and immunities of citizens in the several States."

The action was commenced in the District Court of the United States for the District of Minnesota, Second Division, by the respondent, a citizen of South Dakota, against the petitioner, a corporation organized under the laws of the Dominion of Canada, to recover damages for personal injuries sustained by him on November 29, 1913, when employed by the petitioner as a switchman in its yards at Humboldt, in the Province of Saskatchewan. The respondent, a citizen and resident of South Dakota, went to Canada and entered the employ of the petitioner as a switchman a short time prior to the accident complained of. He remained in Canada for six months after the accident and then returned to live in South Dakota. He commenced this action on October 15, 1915, almost two years after the date of the accident. By the laws of Canada, where the cause of action arose, an action of this kind must be commenced within one year from the time injury was sustained. If the statute of Minnesota, above quoted is valid, it is applicable to the action, which, being barred in Canada, cannot be maintained in Minnesota by a non-resident plaintiff. If, however, the statute is invalid, the general statute of limitations of Minnesota, allowing a period of six years within which to commence action, would be applicable. The record properly presents the claim of the petitioner that the Circuit Court of Appeals erred in holding the statute involved unconstitutional and void.

It is plain that the act assailed was not enacted for the purpose of creating an arbitrary or vexatious discrimination against non-residents of Minnesota.

It has been in force ever since the State was admitted into the Union in 1858; it is in terms precisely the same as those of several other States, and in substance it does not differ from those of many more. It gives a non-resident the same rights in the Minnesota courts as a resident citizen has, for a time equal to that of the statute of limitations where his cause of action arose. If a resident citizen acquires such a cause of action after it has accrued, his rights are limited precisely as those of the non-resident are, by the laws of the place where it arose. If the limitation of the foreign State is, equal to or longer than that of the Minnesota statute, the non-resident's position is as favorable as that of the citizen.

It is only when the foreign limitation is shorter than that of Minnesota, and when the non-resident who owns the cause of action from the time when it arose has slept on his rights until it is barred in the foreign State (which happens to be the respondent's case), that inequality results—and for this we are asked to declare a statute unconstitutional which has been in force for sixty years.

This court has never attempted to formulate a comprehensive list of the rights included within the "privileges and immunities" clause of the Constitution, Art. IV, § 2, but it has repeatedly approved as authoritative the statement by Mr. Justice Washington, in 1823, in *Corfield* v. *Coryell*, 4 Wash. C. C. 371, 380 (the first federal case in which this clause was considered), saying: "We feel no hesitation in confining these expressions to those privileges and immunities which are, in their nature, *fundamental.*" *Slaughter-House Cases*, 16 Wall. 36, 76; *Blake* v. *McClung*, 172 U. S. 239, 248; *Chambers* v. *Baltimore & Ohio R. R. Co.*, 207 U. S. 142, 155. In this *Corfield Case* the court included in a partial list of such fundamental privileges, "The right of a citizen of one state, . . . to institute and maintain actions of any kind in the courts of another."

The State of Minnesota, in the statute we are consider-ing, recognized this right of citizens of other States to institute and maintain suits in its courts as a funda-mental right, protected by the Constitution, and for one year from the time his cause of action accrued the re-spondent was given all of the rights which citizens of Minnesota had under it. The discrimination of which he complains could arise only from his own neglect.

This is not disputed, nor can it be fairly claimed that the limitation of one year is unduly short, having regard to the likelihood of the dispersing of witnesses to acci-dents such as that in which the respondent was injured, their exposure to injury and death, and the failure of memory as to the minute details of conduct on which questions of negligence so often turn.—Thus, the hold-ing of the Circuit Court of Appeals comes to this, that the privilege and immunity clause of the Constitution guarantees to a non-resident precisely the same rights in the courts of a State as resident citizens have, and that any statute which gives him a less, even though it be an adequate remedy, is unconstitutional and void.

Such a literal interpretation of the clause cannot be accepted.

From very early in our history, requirements have been imposed upon non-residents in many, perhaps in all, of the States as a condition of resorting to their courts, which have not been imposed upon resident citizens. For instance, security for costs has very generally been required of a non-resident, but not of a resident citizen, and a non-resident's property in many States may be attached under conditions which would not justify the attaching of a resident citizen's property. This court has said of such requirements:

"Such a regulation of the internal affairs of a State cannot reasonably be characterized as hostile to the fundamental rights of citizens of other States. . . .

It has never been supposed that regulations of that character materially interfered with the enjoyment by citizens of each State of the privileges and immunities secured by the Constitution to citizens of the several States." *Blake* v. *McClung,* 172 U. S. 239, 256.

The principle on which this holding rests is that the constitutional requirement is satisfied if the non-resident is given access to the courts of the State upon terms which in themselves are reasonable and adequate for the enforcing of any rights he may have, even though they may not be technically and precisely the same in extent as those accorded to resident citizens. The power is in the courts, ultimately in this court, to determine the adequacy and reasonableness of such terms. A man can-not be said to be denied, in a constitutional or in any rational sense, the privilege of resorting to courts to en-force his rights when he is given free access to them for a length of time reasonably sufficient to enable an ordi-narily diligent man to institute proceedings for their pro-tection.

This is the principle on which this court has repeatedly ruled that contracts were not impaired in a constitutional sense by change in limitation statutes which reduced the time for commencing actions upon them, provided a reasonable time was given for commencing suit before the new bar took effect. *Sohn* v. *Waterson,* 17 Wall. 596; *Terry* v. *Anderson,* 95 U. S. 628, 632; *Tennessee* v. *Sneed,* 96 U. S. 69, 74; *Antoni* v. *Greenhow,* 107 U. S. 769, 774.

A like result to that which we are announcing was reached with respect to similar statutes, in *Chemung Canal Bank* v. *Lowery,* 93 U. S. 72; by the Circuit Court of Appeals, Second Circuit, in *Aultman & Taylor Co.* v. *Syme,* 79 Fed. Rep. 238; *in Klotz* v. *Angle,* 220 N. Y. 347, and in *Robinson* v. *Oceanic Steam Navigation Co.,* 112 N. Y. 315, 324. In this last case the Court of Appeals of New York pertinently says:

Syllabus.

"A construction of the constitutional limitation [the one we are considering] which would apply it to such a case as this would strike down a large body of laws which have existed in all the states from the foundation of the government, making some discrimination between residents and non-residents in legal proceedings and other matters."

The laws of Minnesota gave to the non-resident respondent free access to its courts, for the purpose of enforcing any right which he may have had, for a year,—as long a time as was given him for that purpose by the laws under which he chose to live and work—and having neglected to avail himself of that law, he may not successfully complain because his expired right to maintain suit elsewhere is not revived for his benefit by the laws of the State to which he went for the sole purpose of prosecuting his suit. The privilege extended to him for enforcing his claim was reasonably sufficient and adequate and the statute is a valid law.

It results that the judgment of the Circuit Court of Appeals must be reversed and that of the District Court affirmed.

*Reversed.*