Marshall, C. J.
William Loftus, a minor and an employe of the Pennsylvania Eailroad Company, a resident and citizen of Erie county, Pa., was injured in an accident in the course of his employment at New Castle, Pa. The Pennsylvania Eailroad Company is a corporation organized under the laws of the state of Pennsylvania, and owns and operates a steam railroad through Pennsylvania, Ohio, and other states, and was at the time of the accident engaged in interstate commerce, and the plaintiff was employed in interstate commerce operations. Within the statutory limitation of time plaintiff filed suit against the Pennsylvania Eailroad Company, to recover damages for his injuries under and by virtue of the provisions of the federal Employers’ Liability Act in the court of common pleas of Cuyahoga county, Ohio, and service was made, in accordance with the statutes of Ohio, upon the agent of the Pennsylvania Eailroad Company in that county. The railroad company moved to quash the service of. summons on the ground that by the provisions of Section 11273, General Code, as amended 109 Ohio Laws, 81, the action could not be maintained in the courts of Ohio.
*354 This record calls for the discussion and determination of two questions: First, an interpretation of Section 11273; second, is Section 11273 constitutional?
First. Section 11273 (109 O. L., 81) is as follows:
“An action against the owner or lessee of a line of mail stages or other coaches, a railroad company, interurban railroad company, suburban railroad company or street railroad company owning or operating a railroad, interurban railroad or street railroad within the state, or against a transportation company owning or operating an electric traction road located upon either bank of a canal belonging to the state, may be brought in any county through or into which such line, railroad, interurban railroad, street railroad or electric traction railroad passes or extends; provided that all actions against such owner, lessee or company for injuries to person or property, or for wrongful death must be brought in the county in which the cause of action or some part thereof, arose, or in the county in which the claimant for injuries to person or property or one whose wrongful death was caused, resides at the time when the cause of action arose, if the road or line of such owner, lessee or company or any part thereof be located' in such county. If no part of such line or road be located in such county, then such actions may be brought in the county in which any part of such road or line is located, nearest the place where the claimant for injuries to person or property or the one whose wrongful death was caused, so resided.”
This statute relates to the subject of venue. In the absence of any statutory restriction, it is gen *355 erally conceded by all tbe states of tbe Union that state courts of general jurisdiction will entertain actions transitory in nature against any person or corporation upon whom service of process can be made in accordance with the statutory procedure prescribed by such state. In the state of Ohio this has been declared in the case of Handy v. Insurance Co., 37 Ohio St., 366, 370. This privilege must be held to be limited in this state by the amendment of Section 11273 above quoted. That amendment for the first time prescribes the venue for certain actions against transportation companies. The language of that amendment is not clouded or ambiguous and clearly limits the venue to the county of plaintiff’s residence at the time of the injury, or the county where the injury occurred, if the road or line or any part thereof be located in such county; otherwise in the county where the line is located nearest to the place of residence or injury.
On this branch of the discussion the questions presented are: (1) Does the statute apply to nonresidents of the state? and (2) Does it apply to actions under the federal Employers’ Liability Act?
It is contended by counsel for plaintiff in error: (a) That the amendment only applies to a cause of action arising within the state of Ohio; and (b) that it cannot apply to a foreign corporation, if the cause arose outside of Ohio.
(a) The proviso in Section 11273 includes “all actions” against the classes of corporations referred to in the earlier part of that section. It does not make an exception of those actions arising outside of the state. If this court should place a construction upon the language used which would not make *356 it exclusive, then the word “all” would be rendered entirely devoid of meaning. The plain unambiguous meaning to be given to the language employed makes it clear that the Legislature intended to deprive all persons from resorting to the courts of Ohio in cases against the companies named, whether foreign or domestic, unless the injuries to person or property, or the wrongful death, were caused in the state, or the claimant resides in the state. Inasmuch as the General Assembly was legislating for the state of Ohio, it was unnecessary to state in definite and specific terms that nonresidents of the state, or those who had not suffered damage to person or property within the state, might not employ the process of the courts of the state, and it may not be inferred that, because there was not an express inhibition against nonresidents, they were therefore not intended to be excluded. It is more reasonable to say that they are excluded because of the failure to make a saving clause in their behalf, as was done by a recent Texas statute covering a similar piece of legislation.
Section 11273 is purely a venue statute. It does not in any sense establish either the general or special jurisdiction of courts of common pleas. Jurisdiction must not be confounded with venue. Jurisdiction is the right to hear and determine a cause, but the term is used in the sense of power rather than in the sense of selection. There is no doubt ¿hat courts of common pleas in Ohio have the right to hear cases of injuries to person and property and of wrongful death by railroad companies, but it does not follow that Ohio courts must, and at all events, hear all cases which may be tendered. In some of *357 the former decisions of this court the language concerning the word “jurisdiction” has not been carefully selected, thereby leading to some misapprehension. Jurisdiction may exist to hear and determine causes of a certain class, and yet that jurisdiction may not be permitted to attach to certain cases by reason of limitations of venue. 'Venue signifies the geographic division where a cause shall be tried. Both jurisdiction and venue depend upon constitutional and statutory provisions. “While certain provisions may give the courts power to hear certain causes, other provisions may limit the rights of certain parties to avail themselves of that jurisdiction. Causes have been arbitrarily classified as either local or transitory. By the early common law all causes were necessarily local, because they were all triable by jury, and the jury had to be drawn from the vicinage, and jurors were not only the judges, but witnesses, of the facts. Debtors soon learned .to take advantage of this fact, and by fleeing from the neighborhood made it impossible to try cases against them at all. It therefore became necessary to make all actions transitory. It was soon found again that actions affecting land, whether the title was involved, or the question was one of damages for trespass or waste, could not effectively be heard, or at least the judgment could not be effectively enforced, except at the location of the land. This gave rise to the aforesaid classification. At an early period the entire subject of venue began to be regulated by statute, and in the states of the Union this fact is fully established. The effect of this amendment to Section 11273 is to localize actions against transportation companies, and, unless this amend *358 .ment violates the federal Constitution, it clearly effects this purpose.
(b) It is further contended, however, that this section cannot apply to a foreign corporation if the cause arose outside of Ohio, by reason of the unrepealed provisions of Section 11276, General Code. Counsel for defendant in error seek to avoid this situation by urging that Section 11273 is in plain contradiction to the provisions of Section 11276, and that, although Section 11276 was not expressly repealed, its repeal was effected by implication. We are unable to agree with either of these views. The General Assembly might well have combined Sections 11273 and 11276 at the time of their original enactment. If they had both been enacted as one section, and the proviso to 11273, which was enacted by amendment to that section in 1921, had appeared as a proviso limiting the sections so combined, there would have been no room for argument upon this point. It is, of course, quite clear, as contended by counsel for defendant in error, that the proviso to Section 11273 does affect the provisions of Section 11276. That proviso is not, however, in conflict with all of Section 11276. The former section applies only to transportation companies. The latter section applies to all foreign corporations of whatever character and all other nonresidents of the state. If the proviso which was added to the former section should be held to absolutely repeal the latter section, no statutory provision would be found relating to actions against nonresidents and foreign corporations upon whom service might be made within the state of Ohio. The Legislature not only did not repeal Section 11276, but it is apparent that *359 it never intended to do so. The true solution of this problem of statutory interpretation is that the proviso must be held to limit both sections, and that therefore a transportation company owning or operating a line of railroad in the state of Ohio, even though a foreign corporation, cannot be sued within this state except within the limitations of the proviso. Eepeals by implication are not favored, and, inasmuch as a portion of 11276 is not in any event interfered with, the better rule of interpretation is to regard it as limited, but not repealed.
(2) The next question for determination is whether Section 11273, General Code, applies to causes of action arising under the federal Employers’ Liability Act (U. S. Comp. St., Sections 8657-8665), and whether the provisions of that act relating to jurisdiction make it compulsory upon the courts of general jurisdiction in this state to hear such causes even though such suits may be begun in a county where the plaintiff does not reside or where the cause of action did not arise.
It has already been seen that the language of the amendment is broad enough to exclude such actions. The federal act contains the following provision:
“The jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several states.” 36 Stat. at L., 291; Section 8074, Barnes’ Fed. Code; Section 8662, U. S. Comp. Stat.
It is undoubted that the trial courts of this state have jurisdiction of the subject-matter of causes arising under the federal act, and that in all cases where the plaintiff is able to come within the terms of the amendment of Section 11273, General Code, *360 our trial courts have complete jurisdiction. While it is very clear that the Legislature of Ohio could confer compulsory jurisdiction upon the trial courts to hear all such cases, regardless of the residence of the plaintiff or the locality of the injury, it does not follow that the federal lawmaking power can thus confer compulsory jurisdiction; neither does it appear in the language above quoted that it has attempted to do so. The claims made by plaintiff in error lose sight of the clear distinction between creating a right and providing a remedy. The right is created by the enactment of the statute. The remedy is provided by establishing courts and declaring their jurisdiction.
An Illinois statute provides that—
“No action shall be brought or prosecuted in this state, to recover damages for death occurring outside of this state.” Laws 1903, p. 217.
The case of Walton, Admx., v. Pryor, 276 Ill., 563, 115 N. E. Rep., 2, L. R. A., 1918E, 914, was brought to recover upon a liability arising under the federal Employers’ Liability Act, and the question arose whether the Illinois courts were compelled to entertain an action where the death occurred outside of ihe state. The Supreme Court of Illinois held that the action could not be entertained, and that jurisdiction of the subject-matter could not be conferred even by consent of the parties. The court further stated that Congress cannot confer jurisdiction upon any court which it has not created, and that the federal Constitution contains no restriction upon the power of a state to determine the limits of the jurisdiction of its courts, except that the state must give *361 to the citizens of other states the same rights that it accords to its own citizens.
The Supreme Court of Missouri had this same question under consideration in White v. Mo. Pac. Ry. Co., 178 S. W. Rep., 83, and the same conclusion was reached.
Inasmuch as it is claimed by plaintiff in error that compulsory jurisdiction is conferred by the language above quoted upon the trial courts of general jurisdiction throughout the states, and that the case therefore turns upon the interpretation of the language of a federal statute, we should have deference to the decisions of the Supreme Court of the United States to determine the intent of Congress in the enactment of that law. In Second Employers’ Liability Cases, 223 U. S., 1, 32 Sup. Ct., 169, 56 L. Ed., 327, 38 L. R. A. (N. S.), 44, the court discussed this provision. At page 56 of 223 U. S., at page 178 of 32 Sup. Ct. (56 L. Ed., 327, 38 L. R. A. [N. S.] 44), in the opinion, after quoting the language of the act relating to jurisdiction, the court made the following observation:
“The amendment, as appears by its language, instead of granting jurisdiction to the state courts, presupposes that they already possessed it.
“Because of some general observations in the opinion of the Supreme Court of Errors, and to the end that the remaining ground of decision advanced therein may be more accurately understood, we deem it well to observe that there is not here involved any attempt by Congress to enlarge or regulate the jurisdiction of state courts or to control or affect their modes of procedure, but only a question of the duty of such a court, when its ordinary jurisdiction as *362 prescribed by local laws is appropriate to the occasion and is invoked in conformity with those laws, to take cognizance of an action to enforce a right of civil recovery arising under the act of Congress and susceptible of adjudication according to the prevailing rules of procedure.”
This language is so pertinent to the inquiry and is so conclusive of the question as to preclude the necessity of further discussion. Upon this branch of the inquiry, therefore, it must be declared that the courts of Ohio are not bound to entertain causes arising under the federal Employers’ Liability Act, unless within the terms of the amendment of Section 11273, General Code.
Second. Is Section 11273, General Code, constitutional? It is not doubted that it is valid so far as it affects residents and citizens of Ohio, and it is only contended in this cause that, if it be so applied as to deny access to our courts to nonresidents of the state whose cause of action arose out of the state, it then violates Section 2, Article IV of the Federal Constitution. That section in part provides :
“The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states.”
The first thing to be determined is the character of the “privileges and immunities” referred to in that section. This court in a former case has said upon the authority of Minor’s Conflict of Laws, 15, that those terms apply to fundamental and universal rights, and not to special privileges. This statement is too general to be decisive of the instant case. The scope of this section has been the subject of *363 much discussion in the authorities, and, while these are too numerous to be reviewed, a careful examination of them shows that the courts have conceived the dominant purpose of the section to be to prevent arbitrary and unreasonable discrimination in each state in favor of its own citizens and against the citizens of other states. A state statute does not violate this constitutional mandate if there be no manifest intent to discriminate in favor of a particular class of citizens to the exclusion of others similarly circumstanced and the provisions of the restrictive act be in fact open alike to all citizens who may bring themselves within its terms. Thus, if a citizen of Pennsylvania is a resident of Ohio, or if such citizen is sojourning in or traveling through the state of Ohio, and is injured in person or property within the state, the courts are open to him; and, on the other hand, if a citizen of Ohio is a resident of Pennsylvania and is injured in persou or property in that state, the courts of Ohio are denied to him. The statute is based upon residence without regard to citizenship. That residence and citizenship are not synonymous, and that discrimination on the basis of residence, within reasonable limits, is not a discrimination against citizenship, within the meaning of the constitutional mandate, is established by many authorities, including the following: Tanner v. De Vinney, 101 Neb., 46, 161 N. W. Rep., 1052; Canadian Northern Ry. Co. v. Eggen, 252 U. S., 553, 40 Sup. Ct., 402, 64 L. Ed., 713; Robertson v. Cease, 97 U. S., 646, 24 L. Ed., 1057; and La Tourette v. McMaster, Insurance Commissioner, 248 U. S., 465, 39 Sup. Ct., 160, 63 L. Ed., 362.
*364 While this exact statutory provision has never been before any court of last resort to determine whether it violates the federal Constitution, other statutes containing analogous provisions have been passed upon, and some of them have reached the Supreme Court of the United States. A federal question being presented, the pronouncements of the federal courts must be held to have controlling force. In the case of Robinson, Admr., v. Oceanic Steam Navigation Co., 112 N. Y., 315, 19 N. E. Rep., 625, 2 L. R. A., 636, the court had under consideration a statute which confined the jurisdiction of the New York courts in suits against foreign corporations to actions either for breach of contract within the state or relating to property within the state, or to recover real estate within the state or a chattel replevied within the state, or upon a cause of action which arose within the state, except where the cause of action affected the title to real estate situate without the state. The Court of Appeals of New York held that, while this was a discrimination between resident and nonresident plaintiffs, it was not repugnant to the federal Constitution, because there was no discrimination between citizens. It might well be said that this court is not bound by the decision of that court, except so far as weight should be given to the reasons in support of the opinion; but it does have controlling force by reason of the fact that in Railroad Co. v. Eggen, 252 U. S., 553, at page 563, 40 Sup. Ct., 402, 64 L. Ed., 713, that case was cited and quoted with approval. It was also cited with approval in the case of Barrow Steamship Co. v. Kane, 170 U. S., 100, 18 Sup. Ct., 526, 42 L. Ed., 964.
*365 In the ease of Chambers v. B. & O. Rd. Co., 207 U. S., 142, 28 Sup. Ct., 34, 52 L. Ed., 143, the Supreme Court of the United States was reviewing upon error a judgment of this court reported in 73 Ohio St., 16, 76 N. E. Rep., 91, 11 L. R. A. (N. S.), 1012, involving the interpretation of an Ohio statute which provided that an action for wrongful death of a citizen of this state occurring in another state or foreign country, for which a right to maintain an action is given by such other state or country, may be enforced in this state. In the Chambers case the suit was brought by an administratrix who was not a citizen of this state, and this court denied her right to maintain the action. The Supreme Court of the United States affirmed the judgment, though not for the same reasons which were stated in this court. That court declared at page 151 of 207 U. S., at page 36 of 28 Sup. Ct. (52 L. Ed., 143):
“She has not been denied access to the Ohio courts because she is not a citizen of that state, but because the cause of action which she presents is not cognizable in those courts. She would have been denied hearing of the same cause for the same reason if she had been a citizen of Ohio. In excluding her cause of action from the courts the law of Ohio has not been influenced by her citizenship, which is regarded as immaterial. ’ ’
In upholding the law the court made the further observation on page 148 of 207 U. S., on page 35 of 28 Sup. Ct. (52 L. Ed., 143):
“But, subject to the restrictions of the federal Constitution, the state may determine the limits of the jurisdiction of its courts and the character of the controversies which shall be heard in them. The *366 state policy decides whether and to what extent the state will entertain in its courts transitory actions, where the causes of action have arisen in other jurisdictions. Different states may have different policies, and the same state may have different policies at different times. But any policy the state may choose to adopt must operate in the same way on its own citizens and those of other states. The privileges which it affords to one class it must afford to the other.”
A very recent case, and one which has controlling force, is that of Missouri Pac. Rd. Co. v. Clarendon Boat Oar Co., decided by the Supreme Court of the United States February 27, 1922, and reported in 257 U. S., 533, 42 Sup. Ct., 210, 66 L. Ed., 354. The federal Supreme Court had under consideration a Louisiana statute, and it followed the rule declared by the Supreme Court of Louisiana in State, ex rel. Watkins, v. North American Land & Timber Co., Ltd., 106 La., 621, 31 So. Rep., 172, 87 Am. St. Rep., 309, construing the same statute. Referring to Section 2, Article IV of the federal Constitution, the Supreme Court said:
“This secures citizens of one state the right to resort to the courts of another, equally with the citizens of the latter state; but where the citizens of the latter state are not given a process for reaching foreign corporations, it is not apparent how non-citizens can claim it. Provisions for making foreign corporations subject to service in the state is a matter of legislative discretion, and a failure to provide for such service is not a denial of due process.”
*367 In the Slaughterhouse Cases, 83 U. S. (16 Wall.), 36, at page 77, 21 L. Ed., 394, the court stated in the opinion, referring to this provision of the federal Constitution:
“Its sole purpose was to declare to the several states that whatever those rights, as you grant or establish them to your own citizens, or as you limit or qualify, or impose restrictions on their exercise, the same, neither more nor less, shall be the measure of the rights of citizens of other states within your jurisdiction.”
It is not necessary to multiply authority. The foregoing decisions of the Supreme Court of the United States, which have measured certain state statutes by the rule of the privileges and immunities clause of the federal Constitution, are sufficiently analogous to be decisive of this controversy. It should be stated, however, upon principle, that to hold Section 11273 unconstitutional would seriously impair the validity of many statutory provisions in this state relating to venue, whereby actions otherwise transitory are localized. It would also seriously impair those statutes relating to restrictions upon the right of foreign corporations to transact business, and to sue and defend in the courts of this state; the right of attachment on the ground of non-residence in the state; the venue of divorce and alimony proceedings and the residence requirement of plaintiff; the venue provisions relating to actions arising out of automobile accidents; and perhaps many other statutory provisions not necessary to enumerate. The New York Court of Appeals saw this menace and dealt with it in the case of Robin *368 son, Admr., v. Oceanic Navigation Co., supra, as follows :
“A construction of the constitutional limitation which would apply it to such a case as this would strike down a large body of laws which have existed in all the states from the foundation of the government, making some discrimination between residents and nonresidents in legal proceedings and other matters.”
This language was quoted with approval in Railroad Co. v. Eggen, supra.
There has been a suggestion that, if the construction contended for by the railroad companies be placed upon this statute, it will operate as a denial of justice, and therefore be in contravention of Section 16, Article I, of the Constitution of Ohio, which requires that all courts be open, and that all persons having an injury done to lands, goods, person, or reputation shall have remedy by due course of law and shall have justice administered without denial or delay.
We cannot, however, conceive of Section 11273 operating as a denial of justice. We cannot conceive of any possible situation whereby the courts of Pennsylvania could refuse to entertain a cause of action for injury to person or property of its own residents and citizens arising in Pennsylvania against a transportation company. The injury in that state could only occur as a result of operations in that state, which would give jurisdiction to the state courts; and of course the federal courts of that state are open, if the cause arise out of the provisions of the federal Employers’ Liability Act. It has not been made to appear that this plaintiff has *369 been denied access to the courts of Pennsylvania, or that in any manner substantial prejudice results to him by the Ohio courts having sustained the motion to quash. Again it is difficult to see how he can be prejudiced by being required to litigate his cause at the place of his residence, or at the place of the injury, in the state of Pennsylvania, where no doubt his witnesses reside, and where his litigation can be prosecuted at much less expense than in the distant jurisdiction of the state of Ohio. We are not required to justify the acts of the Legislature, but it might very pertinently be remarked at this point that the courts of our state are maintained at considerable expense, and only a small fraction of such expense is charged to litigants, the major portion being met by taxes and levied upon the property of the state. The constitutional mandate that all courts shall be open does not require that the burdens of taxation in a single state shall be further increased to provide remedies by judicial process for those who for reasons of their own prefer to reside in other states. It may be further remarked that the statute makes ample provisions for the stranger within our gates if injured in person or property while sojourning in, or traveling through, the state.
For the foregoing reasons, the judgment of the Court of Appeals must be affirmed.

Judgment affirmed.

Wanamaker, Robinson, Jones, Matthias, Day and Ahlen, JJ., concur.