**Marjorie R. SKAHILL, As Administratrix of the Estate of John J. Skahill, Deceased, Plaintiff,**

v.

**CAPITAL AIRLINES, INC., and United Air Lines, Inc., Defendants.**

United States District Court
S. D. New York.

Oct. 20, 1964.

See also, D.C., 220 F.Supp. 140.

claim to $30,000 and dismissal of the latter two claims, all based on Virginia statutes. Predicated on success in its motion with respect to the first claim, defendant also moves for judgment on the pleadings in the amount of $30,000 in favor of *plaintiff*. There is no genuine issue as to any material fact necessary to decide the motion for summary judgment. Plaintiff does not oppose the defendant's request for relief with regard to the latter two claims.

The action arose out of the crash of a Capital Airlines airplane in Virginia on a flight between Washington Airport, Virginia and Norfolk, Virginia. Plaintiff's decedent was a passenger and was killed in the crash. At the time of the accident decedent, his widow and three minor children were all domiciled in Massachusetts. At the time of the commencement of this action decedent's widow and his three minor children were residents of Rhode Island. They continue to reside in Rhode Island. Subsequent to the crash Capital merged with United Air Lines which assumed Capital's liabilities.

Jurisdiction here is based on diversity of citizenship and the requisite monetary amount. This court must apply the law of New York, including its conflict of laws doctrine. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Wrongful death actions are statutory and New York law refers to the law of the place of the wrong, Virginia. Kilberg v. Northeast Airlines, 9 N.Y.2d 34, 38, 211 N.Y.S.2d 133, 172 N.E.2d 526 (1961). The Virginia wrongful death statute limits recovery to no more than $30,000.

It is settled that a state may refuse to apply the law of a sister state where it violates the public policy of the forum state. Pearson v. Northeast Airlines, Inc., 307 F.2d 131, 138–39 (2d Cir.) (dissenting opinion), subsequently adopted by majority, 309 F.2d 553, 556 (1962), cert. denied, 372 U.S. 912, 83 S.Ct. 726, 9 L.Ed.2d 720 (1963); see Wells v. Simonds Abrasive Co., 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211 (1953). The New

Finn & Rebecchi, New York City, for plaintiff.

Haight, Gardner, Poor & Havens, New York City, for defendants; William J. Junkerman, James B. McQuillan, New York City, of counsel.

LEVET, District Judge.

This is a motion for summary judgment by defendant in an action for (1) wrongful death; (2) loss of accumulations to decedent's estate; and (3) pain and suffering allegedly sustained by decedent.

The relief requested is limitation of the damages recoverable on the first

York courts have stated that limitations on recoveries in wrongful death actions were contrary to its public policy and would not be enforced, at least as to residents of New York, although other parts of a foreign wrongful death statute were enforced. Kilberg v. Northeast Airlines, Inc., supra. The public policy was stated thus: "For our [own] courts to be limited by this damage ceiling (at least as to our own domiciliaries) is so completely contrary to our public policy that we should refuse to apply that part of the Massachusetts law." Id., 9 N.Y.2d at 40, 211 N.Y.S.2d at 136, 172 N.E.2d at 528.

The New York Court of Appeals pointed to residents of New York as the natural objects of New York's public policy. The Second Circuit has emphasized the residence of dependents of the deceased in New York as a significant factor justifying the imposition of New York public policy. Pearson v. Northeast Airlines, Inc., supra. To the same effect is Gore v. Northeast Airlines, Inc., 222 F.Supp. 50, 53 (S.D.N.Y.1963). These factors are indicative of New York's contacts with or interest in the transaction, Pearson v. Northeast Airlines, Inc., supra, 307 F.2d at 141–142, which is a proper basis for making a choice of law, Richards v. United States, 369 U.S. 1, 15, 12 n. 26, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962).

■ The question for decision here is whether New York's contacts or interests are sufficient to justify the superposition of the New York damage policy on the Virginia statute. The answer must be in the negative. Neither the decedent nor his dependents were residents of New York at any relevant time. Further, New York's concern for users of its transportation facilities is of no help because the flight did not touch New York. Babcock v. Jackson, 12 N.Y.2d 473, 480, 240 N.Y.S.2d 743, 191 N.E.2d 279, 95 A.L.R.2d 1 (1963).

■■ Plaintiff has asserted that it would be a constitutional denial if the New York public policy was not invoked to eliminate the Virginia limitation merely because non-domiciliaries were in-volved. The Due Process, Full Faith and Credit, Equal Protection and Privileges and Immunities Clauses are advanced as support of this contention. The Full Faith and Credit and Due Process Clauses are the more familiar of the constitutional limitations in a conflict of laws context. It seems fairly clear that a state court's choice of law will be upset under these provisions only when the state whose law is applied has no legitimate interest in its application. Currie, The Constitution and the Choice of Law: Governmental Interests and the Judicial Function, 26 U.Chi.L.Rev. 1, 75–6 (1958); Richards v. United States, supra, 369 U.S. at 15, 82 S.Ct. 585. This court's choice of Virginia law will not, therefore, violate these two clauses since, as the place of the injury and the takeoff and terminus state, Virginia has sufficient contact with and interest in the litigation.

■ Similarly, no unconstitutionality can be predicated on the Equal Protection or Privileges and Immunities Clauses. The strangeness of these provisions to conflict of laws discussions requires somewhat greater length in their treatment here. Equal Protection permits reasonable classifications which may result in different treatment for different groups. Morey v. Doud, 354 U.S. 457, 463–464, 77 S.Ct. 1344, 1 L.Ed.2d 1485 (1957). "It is the essence of a classification that upon the class are cast duties and burdens different from those resting upon the general public. * * * Indeed, the very idea of classification is that of inequality * * *." Atchison, Topeka & Santa Fe R. R. v. Matthews, 174 U.S. 96, 106, 19 S.Ct. 609, 613, 43 L.Ed. 909 (1899).

■ As reasonable inequalities are permitted under the Equal Protection Clause, so they are also permitted under the Privileges and Immunities Clause. This provision protects "the right of a citizen of one state * * * to institute and maintain actions of any kind in the courts of another." Corfield v. Coryell, Fed.Cas.No. 3230, 4 Wash.C.C. 371, 380 (1823). However, it is satisfied if ac-

cess to the courts of a state are "upon terms which in themselves are reasonable and adequate for the enforcing of any rights he [a non-resident] may have, even though they may not be technically and precisely the same in extent as those accorded to resident citizens." Canadian Northern Ry. Co. v. Eggen, 252 U.S. 553, 562, 40 S.Ct. 402, 404, 64 L.Ed. 713 (1920).

I conclude that the classification here, based on contacts with or interest in the transaction from which the litigation arose and incidentally resulting in the dissimilar treatment of residents and non-residents of the forum state is reasonable under both the Equal Protection and Privileges and Immunities criteria.

The motion for summary judgment is thus granted in all respects. The Virginia damages limitation will prevail in the wrongful death action and the other claims are dismissed. Since the defendant has moved for judgment on the pleadings in favor of plaintiff in the amount of the maximum permissible recovery, $30,000, that motion is also granted.

Settle order on notice.