# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARIA VICTORIA BRADLEY,
Appellant,
vs.
PNK (LAKE CHARLES), L.L.C.,
Respondent.

No. 72937

FILED

JUN 1 5 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order granting respondent PNK (Lake Charles), LLC's motion to dismiss in a negligence action. Eighth Judicial District Court, Clark County; Kerry Louise Earley, Judge.[1]

Appellant Maria Victoria Bradley, a Texas and New York resident, filed suit against PNK, a Nevada LLC, on December 5, 2016, alleging that PNK was negligent based on actions that took place in Louisiana on December 6, 2014. The district court held that NRS 11.020 provided that the Louisiana period of limitations applied, that Louisiana law set forth a one-year limitations period for the negligence action, and that Bradley's cause of action was accordingly time-barred, granting PNK's motion to dismiss. Bradley appeals.

First, Bradley argues that NRS 11.020 unconstitutionally discriminates against out-of-state plaintiffs in violation of the Privileges and Immunities Clause. "The constitutionality of a statute is a question of

---

[1]Pursuant to NRAP 34(f)(3), we have determined that oral argument is not warranted in this appeal.

18-22882

law that we review de novo." *Silvar v. Eighth Judicial Dist. Court*, 122 Nev. 289, 292, 129 P.3d 682, 684 (2006). NRS 11.020 provides that:

> When a cause of action has arisen in another state, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against the person in this State, except in favor of a citizen thereof who has held the cause of action from the time it accrued.

The United States Supreme Court has upheld a comparable state borrowing statute that restricted nonresident plaintiffs to the limitations period of the forum where the out-of-state cause of action arose, without limiting state citizens in the same manner because that statute nevertheless permitted reasonably sufficient access to the courts, consonant with the fundamental right of access to the courts constitutionally protected by the Privileges and Immunities Clause. *Canadian N. Ry. Co. v. Eggen*, 252 U.S. 553, 558, 560-61, 563 (1920); *see also McBurney v. Young*, 569 U.S. 221, 231 (2013) (citing *Eggen* with approval). As in *Eggen*, Bradley had one year to avail herself freely of access to Nevada's courts and may not now complain that her expired right to pursue her suit elsewhere was not extended by Nevada's laws. *See Eggen*, 252 U.S. at 563. This argument therefore fails.

Bradley's other arguments against the application of NRS 11.020 also fail. Bradley's invocation of a distinction between citizenship and residency in this context is misplaced. First, Bradley is neither a citizen nor a resident of Nevada, so any distinction thus carries no weight in this case. Second, Bradley's reliance on *Eggen* for such a distinction in this context is belied by the plain language of that decision, which examined the rights of nonresidents and resident citizens, *id.* at 561—neither nonresident in-state citizens nor resident out-of-state citizens are classifications under

this construction. Third, the suggestion that most borrowing statutes are framed in terms of residency, rather than citizenship as in NRS 11.020, is mistaken. *See, e.g.*, Cal. Civ. Proc. Code § 361; Idaho Code Ann. § 5-239; Utah Code Ann. § 78B-2-103; *see also* John W. Ester, *Borrowing Statutes of Limitation and Conflict of Laws*, 15 U. Fla. L. Rev. 33, 80 (1962) (classifying residency/citizenship requirements in state borrowing statutes). Further, Bradley's argument that Nevada's borrowing statute serves no legitimate purpose likewise fails. *See Flowers v. Carville*, 310 F.3d 1118, 1125 (9th Cir. 2002) (recognizing "that the Nevada legislature sought to balance the purpose of avoiding forum shopping against that of keeping litigation options open for its citizens"). And Bradley's contention that *Flowers* suggests that NRS 11.020 is unconstitutional misstates that decision's dicta, which questioned whether borrowing statutes, in light of then-recent United States Supreme Court decisions, could distinguish between long-term state citizens and newly arrived state citizens, *see id.* at 1125, and Bradley is neither. Bradley's remaining contention that NRS 11.020 should not be applied under a choice-of-law analysis because its application is not mandatory is similarly repelled by the statute's plain language. *See Washoe Med. Ctr. v. Second Judicial Dist. Court*, 122 Nev. 1298, 1303, 148 P.3d 790, 793 (2006) (observing that the Legislature's use of the word "shall" denotes a mandatory directive, precluding judicial discretion).

Bradley next argues that the district court should have applied a two-year limitations period because she alleged causes of action constituting criminal rather than simple negligence under Louisiana law. Bradley alleged that a non-party patron assaulted her while she was at PNK's casino and that PNK negligently failed to hire, supervise, and train its security guards and that those guards failed to protect her against an

overt and foreseeable risk of harm from the non-party patron. Where, as here, the relevant dates are undisputed, "the application of the statute of limitations is a question of law that this court reviews de novo." *Holcomb Condo. Homeowners' Ass'n, Inc. v. Stewart Venture, LLC*, 129 Nev. 181, 186-87, 300 P.3d 124, 128 (2013). Louisiana law provides a one-year limitations period for delictual[2] actions, La. Civ. Code art. 3492, and for a two-year limitations period for "damages sustained as a result of an act defined as a crime of violence," La. Civ. Code art. 3493.10. Here, the torts alleged of PNK and its employees generally assert negligent supervision and negligent failure to protect without alleging that PNK or its employees perpetrated an act constituting a crime of violence. Even assuming that the battery allegedly perpetrated by the non-party patron constituted a crime of violence, *see* La. Stat. Ann. § 14:2(B)(6) (second-degree battery), La. Stat. Ann. § 14:34.1(A) ("Second degree battery is a battery when the offender intentionally inflicts serious bodily injury."), PNK's purported negligence was not, *see Johnson v. Littleton*, 37 So. 3d 542, 545-46 (La. Ct. App. 2010) (holding that an employer's negligence in connection with an employee's assault and battery of a customer was separate and apart from the employee's intentional acts and did not subject the employer to the two-year limitations period for damages caused by acts defined as crimes of violence). Bradley's attempt to distinguish *Johnson* on the foreseeability of the risk of harm posed by the other patron, the duty PNK owed to her as a casino patron, and her allegations that PNK's failure to protect was reckless fails

---

[2]La. Civ. Code. art. 3492 cmt. (b) ("The one year prescription applies to all delictual actions. . . . The notion of delictual liability includes: intentional misconduct, negligence, abuse of right, and liability without negligence.").

to establish that PNK's purported negligence was not independent of the patron's intentional acts. Indeed, PNK's purported negligence had a more attenuated connection to the damages suffered than in *Johnson*, as the injury here was caused by a third party who PNK's employees failed to stop from causing harm, while the injury in *Johnson* was directly caused by the defendant employer's employee. *See id.* at 544. As Louisiana's one-year limitation period is shorter than the relevant two-year period under Nevada law, NRS 11.190(4)(e), and Bradley is not a Nevada citizen who is asserting a cause of action that arose out-of-state, Nevada's borrowing statute compelled the application of Louisiana's one-year limitations period, NRS 11.020. The district court therefore did not err in applying a one-year limitations period to Bradley's causes of action against PNK.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:   Hon. Kerry Louise Earley, District Judge
      Maria Victoria Bradley
      Kennedy & Couvillier, PLLC
      Eighth District Court Clerk