## CHEMUNG CANAL BANK *v.* LOWERY.

1. The English rule, that the Statute of Limitations cannot be set up by demurrer in actions at law, does not prevail in the courts of the United States sitting in Wisconsin.

2. The distinction between actions at law and suits in equity has been abolished by the code of that State ; and the objection that suit was not brought within the time limited therefor, if the lapse of time appears in the complaint without any statement to rebut its effect, may be made by way of demurrer, if the point is thereby specially taken. If the plaintiff relies on a subsequent promise, or on a payment to revive the cause of action, he must set it up in his original complaint, or ask leave to amend.

3. A provision to the effect, that, when the defendant is out of the State, the Statute of Limitations shall not run against the plaintiff, if the latter resides in the State, but shall if he resides out of the State, is not repugnant to the second section of the fourth article of the Constitution of the United States, which declares that "the citizens of each State shall be entitled to all the privileges and immunities of citizens in the several States."

ERROR to the Circuit Court of the United States for the Western District of Wisconsin.

It appears by the complaint in this cause, that the plaintiff recovered a judgment against the defendants in New York, on the fourteenth day of June, 1862, for upwards. of $15,000, — the plaintiff being a corporation of New York, and the defendants all having appeared in the suit. The present suit was brought on that judgment; but only one of the defendants was served with process, the others residing out of the jurisdiction of the court. The complaint states that the defendant, who was served with process, was when served, and still is, a citizen and resident of Wisconsin, but that he did not come. into the State, and was not a resident thereof, until the year 1864. This action was commenced on the 24th of January, 1873, — a little more than ten years after the recovery of the judgment in New York, and less than ten years after the defendant, who was served, came into the State. The plaintiff demands judgment against the defendant now before the court.

The defendant filed the following demurrer to the complaint, to wit : —

" The defendant, Goodwin Lowery, demurs to the plaintiff's complaint in this action, for that it appears upon the face of the same that the plaintiff's claim or demand is barred by the Statute of Limitations, in that it appears that the supposed cause or causes of action did not, nor did either of them, accrue to the said plaintiff at any time within six years, nor at any time within ten years next before the commencement of this action, and for that the said complaint does not state facts sufficient to constitute a cause of action."

Upon this demurrer the court gave judgment for the defendant. To reverse this judgment, the present writ of error was brought.

Argued by *Mr. William P. Lynde* for the plaintiff in error.

Under the statute of Wisconsin, objection that the action was not commenced within the term limited can only be taken by answer. Rev. Stat. Wis., c. 138, sect. 1. Where the common-law pleadings prevail, a party seeking to avail himself of the Statute of Limitations must plead it specially. *Bricket* v. *Davis*, 21 Pick. 404 ; *Gould* v. *Johnson*, 2 Ld. Raym. 838 ;

*Puckel* v. *Moore*, 3 Vent. 191; *Jackson* v. *Varick*, 2 Wend. 294; *Robins* v. *Harvey*, 5 Conn. 335.

As the plaintiff might have been within some of the various exceptions mentioned by statute, the demurrer should have been overruled. Angell on Lim., c. 26, sect. 1; *State* v. *Finch*, Cro. Car. 381; *Hawkins* v. *Billhead*, id. 404; *Hyde* v. *Van Valkenburgh*, 1 Daly, (N. Y.), 416.

The statute on which the defence is founded denies to citizens of other States the rights and immunities which it accords to her own, and is, therefore, in violation of the Constitution of the United States. *Corfield* v. *Coryell*, 4 Wash. C. C. 381; *Ward* v. *Maryland*, 12 Wall. 430; *Slaughter-house Cases*, 16 id. 117; Cooley on Const. Lim. 16; id. 397.

*Mr. S. U. Pinney, contra.*

The distinction between actions at law and suits in equity has been abolished in Wisconsin. Rev. Stat. Wis., c. 122, sect. 8. Therefore, where the defence of the Statute of Limitations is apparent on the face of the complaint, the objection that the demand is barred by lapse of time may be taken by demurrer. *Howell* v. *Howell*, 15 Wis. 55.

Such being the practice in the State courts, those of the United States sitting in that State are bound to adopt it. 17 Stat. 197.

The plaintiff in error is not a *citizen* within the meaning of that word, but a corporation of another State. It therefore has no *status* or standing in the courts of Wisconsin to enable it to invoke the protection of the Constitution of the United States. *Warren Manuf. Co.* v. *Ætna Insurance Co.*, 2 Paine, C. C. 516; *Paul* v. *Virginia*, 8 Wall. 168; *Bank of Augusta* v. *Earl*, 13 Pet. 586.

It is submitted that the statute of which plaintiff in error complains does not abridge or deny the privileges or immunities of citizens of other States within the meaning of the Constitution, but is a mere regulation of the remedies which the State, by virtue of its sovereignty and according to its own notions of policy, may constitutionally adopt.

MR. JUSTICE BRADLEY delivered the opinion of the court.

The errors assigned in this case are substantially two: *First*, that the Statute of Limitations cannot be set up by demurrer;

and, *secondly*, that the statute on which the defence is founded is unconstitutional in this, that it unjustly discriminates in favor of the citizens of Wisconsin against the citizens of other States ; for, if the plaintiff had been a citizen of Wisconsin, instead of a citizen of New York, the statute would not have applied.

As to the first assignment, it is undoubtedly true, that the Statute of Limitations cannot, by the English practice, be set up by demurrer in actions at law, though it may be in certain cases in suits in equity. And this rule obtains wherever the English practice prevails. But where the forms of proceeding have been so much altered as they have been in Wisconsin, further inquiry must be made. In the first place, by the Revised Statutes of that State, passed in 1858, in the title " Of proceedings in civil actions," it is declared that " the distinction between actions at law and suits in equity, and the forms of all such actions and suits heretofore existing, are abolished ; and there shall be in this State but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be denominated a civil action." Rev. Stat. 714. Secondly, that " all the forms of pleading heretofore existing are abolished." The act proceeds to declare that the first pleading on the part of the plaintiff is the complaint, which shall contain, amongst other things, " a plain and concise statement of the facts constituting a cause of action without unnecessary repetition." Rev. Stat. 721. It provides that the defendant may demur for certain causes, but that other defences must be taken by answer. Id. Amongst the grounds of demurrer, one is, " that the complaint does not state facts sufficient to constitute a cause of action." In another title, — " Of the limitation of actions," — it is provided that " the objection that the action was not commenced within the time limited can only be taken by answer." Rev. Stat. 819. But the Supreme Court of Wisconsin has decided, that, when on the face of the complaint itself it appears that the statutory time has run before the commencement of the action, the defence may be taken by demurrer, which, for that purpose, is a sufficient answer. *Howell* v. *Howell*, 15 Wis. 55. This case has been recognized in later cases (see *Tarbox* v. *Supervisors*,

34 Wis. 561), and must be regarded as expressing the law of the State. On the first hearing of the case of *Howell* v. *Howell*, some importance was attached to the fact that it was an equity case, in which class of cases a demurrer has been allowed for setting up the Statute of Limitations; but, on a rehearing, a more enlarged view was taken, and a demurrer was regarded as sufficient in all cases where the lapse of time appears in the complaint without any statement to rebut its effect, and where the point is specially taken by the demurrer. If the plaintiff relies on a subsequent promise, or on a payment, to revive the cause of action, he must set it up in the original complaint, or ask leave to amend. Without this precaution, the complaint is defective in not stating, as required by the statute, facts sufficient to constitute a cause of action. But, although defective, advantage cannot be taken of the defect on motion, or in any other way than by answer; which answer, however, as we have seen, may be a demurrer.

As this is the law of Wisconsin, the Circuit Court of the United States for the Western District of Wisconsin is bound by it; and, as the decision in the principal case accords therewith, the first assignment of error cannot be sustained.

The other assignment calls in question the constitutionality of the Statute of Limitations itself. The statute having prescribed the time within which various actions must be brought, — amongst others, that "an action upon a judgment or decree of any court of record of any State or Territory of the United States, or of any court of the United States," must be brought within ten years, — it declares, that " if, when the cause of action shall accrue against any person, he shall be out of the State, such action may be commenced within the terms herein respectively limited, after the return of said person into this State. But the foregoing provision shall not apply to any case, where, at the time the cause of action shall accrue, neither the party against or in favor of whom the same shall accrue are residents of this State." Rev. Stat. Wis. 822. This statute may be expressed shortly thus: When the defendant is out of the State, the Statute of Limitations shall not run against the plaintiff, if the latter resides in the State, but shall, if he resides out of the State. The argument of the plaintiff is, that, as the law refuses

to non-residents of the State an exemption from its provisions, which is accorded to residents, it is repugnant to that clause of the Constitution of the United States (art. 4, sect. 2) which declares that " the citizens of each State shall be entitled to all the privileges and immunities of citizens in the several States." It is contended, that, if the resident creditors of the State may sue their non-resident debtors, at any time within six or ten years after they return to the State, non-resident creditors ought to have the same privilege; or else an unjust and unconstitutional discrimination is made against them. This seems, at first view, somewhat plausible; but we do not regard the argument as a sound one. There is, in fact, a valid reason for the discrimination. If the statute does not run as between non-resident creditors and their debtors, it might often happen that a right of action would be extinguished, perhaps for years, in the State where the parties reside; and yet, if the defendant should be found in Wisconsin, — it may be only in a railroad train, — a suit could be sprung upon him after the claim had been forgotten. The laws of Wisconsin would thus be used as a trap to catch the unwary defendant, after the laws which had always governed the case had barred any recovery. This would be inequitable and unjust. *Beardsley* v. *Southmayd,* 3 N. J. L. (Green) 171.

It is also to be considered, that a personal obligation is due at the domicile of the obligee. It is the duty of the debtor to seek the creditor, and pay him his debt, at the residence of the latter. Not doing this, he is guilty of laches against the law of the creditor's domicile, as well as his own. But he evades this law by absenting himself from the jurisdiction. As long as he does this, the Statute of Limitations of that jurisdiction ought not to run to the creditor's prejudice. This cannot be said with regard to the non-resident creditor. It is not the laws of Wisconsin any more than those of China which his non-resident debtor contemns by non-payment of the debt, and absence from the State: it is the laws of some other State. Therefore, there is no reason why the Statute of Limitations of Wisconsin should not run as against the non-resident creditor; at least, there is not the same reason which exists in the case of the resident creditor. If the non-resident creditor wishes to keep his action

alive in other States than his own, he must reduce it to judgment, and revive that judgment from time to time. Each new judgment would create a new cause of action, and would prevent the operation of Statutes of Limitation of other States.

We are of opinion, therefore, that the law in question does not produce any unconstitutional discrimination; and we prefer putting the case upon this broad ground, rather than to examine into the rights of the plaintiffs as a foreign corporation doing business in Wisconsin.          *Judgment affirmed.*

Mr. Justice Strong concurred in the judgment of the court, but dissented from its opinion upon the second assignment of error.