## MILLS *v.* SCOTT.

1. The statute of Georgia of March 16, 1869, requiring actions for the enforcement of rights of individuals under acts of incorporation or by operation of law, which accrued prior to June 1, 1865, to be brought before Jan. 1, 1870, does not apply to claims against the estate of a deceased person, so as to exclude the time which a previous statute allowed to administrators to ascertain the condition of the estate, and to creditors to file their claims.
2. A court of equity is the proper tribunal to ascertain the proportion of indebtedness chargeable to a stockholder of a bank on his personal liability. But as by the law of the State, as declared by its highest tribunal, an action of debt will lie where the amount of the bank's outstanding indebtedness and the number of shares held by the stockholder are known and can be stated, the extent of his liability in such cases being fixed, and the amount with which he should be charged being a mere matter of computation, a similar action at law will be sustained in such cases in the Circuit Court of the United States.

3. Where an error in the amount recovered is apparent upon the record, and it could not have been remedied by an amendment of the pleadings, this court will of its own motion, in the interests of justice, direct that it be corrected, and, if necessary, order a new trial or further proceedings for that purpose.

ERROR to the Circuit Court of the United States for the Southern District of Georgia.

The facts are stated in the opinion of the court.

*Mr. Walter S. Chisholm* for the plaintiff in error.

*Mr. A. T. Akerman* for the defendant in error.

MR. JUSTICE FIELD delivered the opinion of the court.

This is an action at law against the administrator of the estate of George Hall, deceased, upon bills of the Merchants' and Planters' Bank of Savannah, Georgia, amounting to over $100,000. The deceased was, on the 1st of January, 1860, and up to the time of his death, the owner of one thousand shares of the capital stock of that bank, of the nominal value of $100 a share. A clause in the charter of the bank provided that "the persons and property of the stockholders" should be liable for the redemption of its bills and notes at any time issued, in proportion to the number of shares held by them. The plaintiff was the owner of the bills in suit, and as they were not paid on presentation, he brought an action upon them against the bank in the Circuit Court of the United States for the Southern District of Georgia, and recovered judgment, upon which execution was issued and returned unsatisfied. He then brought this action to charge the estate of the deceased, Hall, under the provision of the charter mentioned.

To the declaration the defendant pleaded the general issue and the Statute of Limitations of March 16, 1869, requiring actions for the enforcement of rights of individuals under acts of incorporation or by operation of law, which accrued prior to June 1, 1865, to be brought before the 1st of January, 1870, or be for ever barred. To the special plea the plaintiff interposed a demurrer, and it was agreed in arguing it that the following facts should be considered as set forth in the plea; namely, that George Hall was domiciled in Connecticut, and died there

in 1868, leaving a will; that there was no administration in Georgia on his estate until Aug. 9, 1869, when letters of administration *ad colligendum* were granted to the defendant, Mills; and that permanent letters of administration, with the will annexed, were granted to him on June 7, 1869.

The court sustained the demurrer and struck out the plea. The case was then tried upon the general issue, and the plaintiff obtained a verdict for the sum of $100,000, of which sum $31,354 was to be made out of the property of the deceased, then in the hands of the administrator, and the remainder out of property which might subsequently come into his hands. Upon this verdict, judgment being entered, the defendant brought the case to this court on a writ of error.

The principal questions presented for our consideration are: 1st, whether the statute of March 16, 1869, is a bar to the action; and, 2d, whether an action at law by a bill-holder to charge a stockholder will lie under the charter of the bank; and, if so, whether the declaration will sustain the finding of the jury.

The statute of March 16, 1869, was intended to bring all claims to an early determination. It was passed, as recited in its preamble, on account of the confusion which had " grown out of the disturbed condition of affairs during the late war," and because of doubts entertained relative to the law of limitation of actions " which should be put to rest." It was a measure well calculated to bring disputed controversies to a speedy settlement. The time prescribed within which actions were to be brought was only nine months and fifteen days. In the case of *Terry* v. *Anderson* (95 U. S. 628), it was held by this court that the act was not open to any constitutional objection because of the shortness of this period. The question in such cases, the court said, was whether the time allowed was, under all the circumstances, reasonable; and of this the legislature of the State was primarily the judge, and its decision would not be overruled unless a palpable error had been committed. Looking at the circumstances under which the legislature had acted, amidst the disasters which had affected the fortunes, property, and business of almost every one in the State, the court could not say that the time mentioned was unreasonable. " Society

demanded," observed the Chief Justice, "that extraordinary efforts be made to get rid of old embarrassments, and permit a reorganization upon the basis of the new order of things;" and for that purpose, whilst the obligations of old contracts could not be impaired, "their prompt enforcement could be insisted upon or an abandonment claimed."

There is in the statute no exception in terms of any class of cases; yet such a construction must be given to its provisions as not to impair the operation of other laws, which it is not reasonable to suppose the legislature intended to repeal. The law of the State relating to the administration of the estates of deceased persons contains various provisions, which in many particulars would be defeated if the statute of March 16, 1869, was held applicable to actions in behalf of the estates or against them. Thus, administrators are allowed twelve months from the date of their qualification to ascertain the condition of the estates confided to their charge; creditors are required to present their claims within this period; and no suits to recover a debt of the decedents can be brought until its expiration. Sects. 2530, 2548, and 3348. The Supreme Court of the State has accordingly held that the statute of 1869 does not affect this exemption from suit for the period designated, but that its spirit and equity require that suits against administrators upon the claims mentioned should be brought within a similar period after twelve months from the grant of administration; that is, within nine months and fifteen days afterwards. Such is the purport of its decision in *Moravian Seminary* v. *Atwood* (50 Ga. 382), and that decision has since been followed in several cases. *Edwards, Adm'r,* v. *Ross,* 58 Ga. 147. In conformity with them we must hold that the statute was not a bar to the present action. There was no administrator of the estate of Hall appointed in Georgia, even for temporary purposes, until April 9, 1869, and this action was commenced Dec. 30, 1870, which was within the period required after the expiration of the year of exemption.

Whether the present action can be maintained, it being an action at law by a bill-holder to charge the estate of a deceased stockholder, depends upon the construction given to the clause of the charter of the bank, prescribing the personal liability of

the stockholders. The language of the clause, so far as it bears upon this case, is that "the persons and property of the stockholders shall at all times be liable, pledged, and bound for the redemption of bills and notes at any time issued, in proportion to the number of shares that each individual and corporation may hold and possess." This provision is held by the Supreme Court of the State to create a personal liability on the part of the stockholder for all the notes of the bank in the proportion that the shares held by him bear to all the shares of its capital stock, which any bill-holder can enforce, upon the insolvency of the bank, by separate action to the extent of his claim. *Lane* v. *Morris*, 8 Ga. 468; *Dozier* v. *Thornton*, 19 id. 325. Such liability may undoubtedly be enforced by a suit in equity, and in many cases such a proceeding would seem to be the only appropriate one, as was held by this court in *Pollard* v. *Bailey*, 20 Wall. 520. See also *Terry* v. *Tubman*, 92 U. S. 156. The proportion of the indebtedness with which the stockholder is to be charged can be ascertained only upon taking an account of the debts and stock of the bank, and a court of equity is the proper tribunal to bring before it all necessary parties for that purpose. But by the law of the State, as declared by its highest tribunal, an action for debt will lie where the amount of the bank's outstanding indebtedness and the number of shares held by the stockholder can be stated. In such cases, the extent of the latter's liability is fixed, and the amount with which he should be charged is a matter of mere arithmetical calculation. Actions for debt will always lie where the amount sought to be recovered is certain, or can be ascertained from fixed data by computation. Here the declaration states the number of shares of the capital stock of the bank to be twenty thousand, and that one thousand were held by the deceased. His liability, therefore, was fixed at one-twentieth of the entire indebtedness of the bank on the bills issued by it, which is averred to be $800,000. The only recovery, therefore, which the declaration permitted was for $40,000, and not for $100,000, which the jury found. This error in the record is not specifically pointed out in the brief of counsel for the defendant, who was not present at the argument; but it is evident that it was at the erroneous apportionment of the

indebtedness to the estate of the deceased that he aimed, when insisting that the remedy of the plaintiff should have been by a bill in equity, and not in this form of action.

Be this as it may, where an error in the amount recovered is apparent upon the record, and it could not have been remedied by an amendment of the pleadings, this court will, of its own motion, in the interests of justice, direct that it be corrected, and, if necessary, order a new trial or further proceedings for that purpose.

This cause will, therefore, be remanded to the court below with directions to grant a new trial, unless the plaintiff, within a period to be designated by the court, consent to remit from the judgment the excess over $40,000; and it is

*So ordered.*