## MATTSON *v.* DEPARTMENT OF LABOR AND INDUSTRIES OF WASHINGTON.

No. 29. Argued October 18, 1934.—Decided November 5, 1934.

---

[8] See Corp. Trust Co., Fed. Inc. Tax Service, 1924, Par. 2033; I. T. 2104, Cum. Bull. III–2, p. 152; Mim. 3931, XI–1, C. B. 33.

152

Mr. *Harry E. Foster* for appellant.

Mr. *Daniel Baker* and Mr. *Miles H. McKey*, Assistant Attorney General of Oregon, with whom Mr. *G. W. Hamilton*, Attorney General of Washington, and *Miss Dorothée Scarbrough* were on the brief, for appellee.

By leave of Court, Mr. *I. H. Van Winkle*, Attorney General, Mr. *Miles H. McKey* and Mr. *Victor R. Griggs*, Assistant Attorneys General, filed a brief on behalf of the Industrial Accident Commission of Oregon, as *amicus curiae*.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

Since 1911 the State of Washington has had a workmen's compensation act applicable to extrahazardous employments. Until March 15, 1927, the statute contained a section providing:

" If aggravation, diminution, or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated in any case the department may, upon the application of the beneficiary or upon its own motion, readjust for further application the rate of compensation

in accordance with the rules in this section provided for the same, or in a proper case terminate the payments."[1]

On February 7, 1927, while the quoted section was in force, the appellant injured his arm while doing extra-hazardous work. March 15, 1927 the law was amended and the section in question was altered to provide:

" If aggravation, diminution, or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated, in any case the director of labor and industries, through and by means of the division of industrial insurance, may, upon the application of the beneficiary, *made within three years after the establishment or termination of such compensation,* or upon his own motion, readjust for further application the rate of compensation in accordance with the rules in this section provided for the same, or in a proper case terminate the payment: *Provided,* Any such applicant whose compensation has heretofore been established or terminated shall have three years from the taking effect of this act within which to apply for such readjustment." [2]   (Italics supplied.)

Pursuant to a claim duly presented to the appellee, the appellant was paid from the State workmen's insurance fund on January 17, 1928, the sum of $240 in final settlement for permanent partial disability and the case was closed. May 10, 1933 he filed with the appellee a petition for reopening of his claim on the ground that his condition had become aggravated due to the injury. The appellee dismissed the petition for the reason that the

---

[1] Session Laws, 1911, c. 74, § 5 (h), p. 360; Session Laws, 1923, c. 136, § 2 (h), p. 397. The only change made in the quoted paragraph by the Act of 1923 was the substitution of the word " further " for the word " future."

[2] Session Laws, 1927, c. 310, § 4 (h), p. 844; Rem. Rev. Stat. § 7679 (h).

three year statute of limitations barred the claim. An appeal to the Supreme Court of Thurston County was dismissed, and the Supreme Court of the State affirmed the judgment. The case is here on appeal.

The appellant insists that at the date of his injury the statute conferred upon him not only a right to make his original claim and receive compensation, but a further right to file an additional claim, without limit as to time, and to receive readjusted compensation for aggravation of his condition due to his injury. This, he says, is a vested right, is property, and its enforcement may not be abolished or limited, consistently with the due process clause of the Fourteenth Amendment of the Federal Constitution.[3] The claim cannot be sustained.

The Washington Workmen's Compensation Act is compulsory. In the exercise of the State's police power it abolishes common law actions for negligence, imposes upon industry a levy calculated in accordance with the risk of injury to workmen, places the money collected in a state-administered fund, and substitutes for the employee's common law right of action a purely statutory right to payment from the fund of a sum adjusted to the character and extent of the injury.[4]

That the State may impose reasonable conditions upon the assertion of the claim does not admit of argument. Considerations justifying a reasonable limitation of time within which further increase of compensation due to aggravation of condition may be claimed are so obvious as hardly to require statement. Appellant does not urge that the prescription of a period of three years for presenting such a claim is unreasonable, but that it is beyond the

---

[3] Below and in his assignments of error here the appellant asserted the section offends Article I, § 10, but, at the bar, he abandoned this contention, and we need not consider it.

[4] See *State ex rel. Davis-Smith Co.* v. *Clausen,* 65 Wash. 156; 117 Pac. 1101; *Mountain Timber Co.* v. *Washington,* 243 U. S. 219.

State's power. The section under attack merely limits the time for the assertion of the right, affects the remedy only, and that in a manner not unreasonable, arbitrary or oppressive. Such a limitation of time within which appellant's remedy must be pursued does not deprive him of due process.

The judgment is

*Affirmed.*