**KENDALL et al. v. KEITH FURNACE CO. et al.**

No. 13446.

Circuit Court of Appeals, Eighth Circuit.

Aug. 4, 1947.

J. R. McManus, of Des Moines, Iowa (W. F. Maley, H. W. Manson, and C. A. Royal, all of Des Moines, Iowa, on the brief), for appellants.

Guy A. Miller, of Des Moines, Iowa, for appellees.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

The question is whether the provisions of an Iowa statute of limitations constitute a valid bar to some causes of action for overtime compensation and liquidated damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 201 et seq. The suit was tried in the District Court and appealed here prior to the enactment of the Portal-to-Portal Act of 1947, Public Law 49, 80th Cong., approved May 14, 1947, 29 U.S.C.A. § 251 et seq.

The provisions in question were enacted by the Iowa legislature in 1945 (Acts Iowa 51st Gen.Assem., c. 222), as a new subsection to the general statute of limitations of that State (Code of Iowa 1939, § 11007).[1] They created a limitation of two years, after accrual of the right to sue, on all causes of action "for wages or for a liability or penalty for failure to pay wages," with a saving and clean-up clause that "Any present existing causes of action must be commenced * * * within six (6) months after the effective date of this act."[2]

The Act was approved March 29, 1945, and, since it contained no publication clause, it became effective under Art. III, sec. 26 of the Iowa Constitution on July 4, 1945.

The claims for overtime compensation and liquidated damages that are involved had accrued prior to July 4, 1945. The action was commenced on March 7, 1946. The District Court for the Southern Dis-

---

[1] Now § 614.1, Code of Iowa 1946.

[2] Code of Iowa 1939, § 11007, had previously provided: "Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared: * * *." Here followed 8 subsections dealing with various kinds of causes of action. The new subsection which the 1945 Act added to these provisions was in the following language: "9. Those founded on claims for wages or for a liability or penalty for failure to pay wages, within two years. Any present existing causes of action must be commenced in any court of competent jurisdiction within six (6) months after the effective date of this act."

trict of Iowa held that the suit was barred under the saving and clean-up clause of the Iowa Act, as not having been commenced within six months after July 4, 1945. It accordingly entered a summary judgment dismissing the action.

The District Court for the Northern District of Iowa had similarly upheld the validity of the Iowa Act and applied the limitation of the saving and clean-up clause in another Fair Labor Standards Act case, not now before us, Reid v. Solar Corporation, D.C.N.D. Iowa., 69 F.Supp. 626.

Some of the contentions made against the Iowa Act in its application to the present causes of action are sufficiently answered by the indication of congressional intent and policy contained in the recent Portal-to-Portal Act, Public Law 49, 80th Cong., approved May 14, 1947 (introduced as H.R. 2157).

On the question of limitations, section 6 of the Portal-to-Portal Act, 29 U.S.C.A. § 255, provides:

"Statute of limitations. Any action commenced on or after the date of the enactment of this Act to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, * * *

"(a) if the cause of action accrues on or after the date of the enactment of this Act—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued;

"(b) if the cause of action accrued prior to the date of the enactment of this Act—may be commenced within whichever of the following periods is the shorter: (1) two years after the cause of action accrued, or (2) the period prescribed by the applicable State statute of limitations; and, except as provided in paragraph (c), every such action shall be forever barred unless commenced within the shorter of such two periods;

"(c) if the cause of action accrued prior to the date of the enactment of this Act, the action shall not be barred by paragraph (b) if it is commenced within one hundred and twenty days after the date of the enactment of this Act unless at the time commenced it is barred by an applicable State statute of limitations."

The statement of the managers on the part of the House (House Report No. 326, 80th Cong., 1st Sess.), accompanying the Conference Report of the House and Senate conference committees on H.R. 2157, made the following explanation of these provisions (pp. 13, 14):

"Under the House bill and the Senate amendment there was a statute of limitations on actions commenced on or after the date of the enactment of the bill to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages * * *. Under the House bill the period was one year and under the Senate amendment two years.

"Section 6 of the bill as agreed to in conference provides for a two-year statute of limitations (regardless of the period of limitation provided by any State statute) with respect to any action commenced on or after the date of enactment of the bill to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, * * * if the cause of action accrues on or after the date of the enactment of the bill. If the action is not commenced within two years after the cause of action accrued, it is to be forever barred.

"If the cause of action accrued prior to the date of the enactment of the bill, action thereon may be commenced within two years after the cause of action accrued or, in the case of a State having a shorter statute of limitations, the period prescribed by the applicable State statute of limitations; but if such action is commenced within one hundred and twenty days after the date of the enactment of the bill, the applicable State statute of limitations (whether longer or shorter than two years) will apply to such action. In other words, in such latter case, if a State statute of limitations, applicable to such cause of action, has run, no action on such claim may be commenced within such 120-day period. If the applicable State statute of limitations has not run, action may be so

commenced within such 120 days, and may go back as far as permitted by the applicable State statute of limitations whether more or less than two years. * * *."

■ The provisions of section 6 of the Portal-to-Portal Act certainly make it unnecessary to discuss such contentions as that Congress never intended that the varying state statutes of limitation should apply to the Fair Labor Standards Act as rules of decision under 28 U.S.C.A. § 725, for the reason that uniformity in the right to enforce minimum-wage, overtime-compensation and liquidated-damage claims is essential to the achievement of the fundamental national purpose of the Act, or that the application of the Iowa statute of limitations in the present case would effect an improper interference with the scope of the regulation of commerce which Congress had designed to make in enacting the Fair Labor Standards Act. And we might add that, even without the answer which section 6 of the Portal-to-Portal Act has thus specifically provided, these general contentions could hardly have been taken too seriously, for it must be borne in mind that "to no class of state legislation has the [rules of decision statute] been more steadfastly and consistently applied than to statutes prescribing the time within which actions shall be brought within its jurisdiction."[3] Campbell v. City of Haverhill, 155 U.S. 610, 614, 15 S.Ct. 217, 219, 39 L. Ed. 280.

■ There also would seem to be no need to pause long on the contention that the Iowa statute is invalid as an attempt to discriminate against rights arising under federal laws, either directly or in comparison with rights arising under state laws. The language of the statute does not single out rights arising under federal laws, such as did a previous Iowa Act which we held invalid in Republic Pictures Corporation v. Kappler, 8 Cir., 151 F.2d 543, 162 A.L.R. 228, affirmed 327 U.S. 757, 66 S.Ct. 523, 90 L.Ed. 991, and no such legal effect can be said to be produced by its operation. The limitation has application to all claims for wages in the State of Iowa, no matter in what industry occurring, and to all liabilities or penalties for failure to pay wages, whether created by some provision in an employment contract or by some state or federal law. And Iowa has long had a state statute providing a liability for failure to pay certain wages, upon which the limitation operates.

Thus, Code of Iowa 1939, § 1322, Code of Iowa 1946, § 82.112, applicable to the coal mining industry in the State, provides: "All wages shall be paid in money upon demand semimonthly, by paying the amount earned during the first fifteen days of each month not later than the first Saturday after the twentieth of said month, and for those earned after the fifteenth of each month not later than the first Saturday after the fifth of the succeeding month. A failure or refusal to make payment within five days after demand shall entitle the laborer to recover the amount due him, and one dollar per day additional, not exceeding the amount due, for each day such payment is neglected or refused, and in any action therefor the court shall tax as a part of the costs a reasonable attorney fee to plaintiff's attorney."

■ As we have said, there is no discrimination against rights arising under federal laws either by the terms of the Iowa statute of limitations or in its operative effect. And so, unless the period of limitations itself is clearly unreasonable when applied to Fair Labor Standards Act claims, there further can be no room to argue that the statute was enacted "in manifest hostility to federal rights." In a legal sense, as a basis for challenging a state statute, "manifest hostility to federal rights" is not a question of the mental frame of the legislators in enacting a statute but a matter of what the statute itself provides or does.

---

[3] House Report No. 71, 80th Cong., 1st Sess., p. 7, in discussing the desirability of a uniform federal statute of limitations for rights under the Fair Labor Standards Act, said: "In the absence of such a statute, courts are required to enforce the State statute deemed to be applicable. (See U.S.Code, title 28, sec. 725 [28 U.S.C.A. § 725].) This has caused confusion and a lack of uniformity throughout the Nation."

The situation that produces a statute may, of course, be an aid in understanding it. Thus, where the statute is one that requires construction, the conditions that have prompted its enactment may some times assist in throwing light on the meaning of its language or the scope of its application. Or, in those cases where the courts are called upon to determine whether the legislature has acted arbitrarily or has had a basis for its action, it may be helpful and in some instances even necessary to view the circumstances surrounding the legislative action.

But in none of this is there a license to void a statute on the psychological motives of the legislature. Cf. Doyle v. Continental Ins. Co., 94 U.S. 535, 541, 24 L.Ed. 148. It does not therefore make chapter 222, Acts Iowa 51st Gen.Assem., invalid, even though it be true, as appellants assert, that, if no Fair Labor Standards Act had been on the federal statute books, the Iowa statute would never have been enacted. And in the application of a state statute of limitations to rights under a federal law, where the statute has been regularly enacted, where there are rights of the same general class under state law to which the statute is applicable, where the operation of the statute is uniform upon the legally similar state and federal rights, and where the period of limitations fixed is not clearly unreasonable for enforcing the federal right in the state, there will be no occasion ordinarily to test the state statute further. Cf. Pufahl v. Estate of Parks, 299 U.S. 217, 225, 227, 57 S.Ct. 151, 81 L.Ed. 133; Campbell v. City of Haverhill, 155 U.S. 610, 615, 15 S.Ct. 217, 39 L.Ed. 280.

The remaining question here then is whether the limitation period of the Iowa statute is so clearly unreasonable for enforcing rights under the Fair Labor Standards Act in the State of Iowa as to make the statute invalid in its application to that Act. It would hardly be possible to contend that the general two-year limitation of the Iowa statute is unreasonable, in view of the identical supercessive general limitation as to Fair Labor Standards Act claims in the Portal-to-Portal Act. The only inquiry therefore that need be made is as to the validity of the six-months limitation in the saving clause of the Iowa statute for cleaning up previously accrued causes of action.

The test to be applied in the situation can perhaps most easily and simply be stated in the familiar language of Wilson v. Iseminger, 185 U.S. 55, 62, 63, 22 S.Ct. 573, 575, 46 L.Ed. 804: "It is essential that such statutes allow a reasonable time after they take effect for the commencement of suits upon existing causes of action; though what shall be considered a reasonable time must be settled by the judgment of the legislature, and the courts will not inquire into the wisdom of its decision in establishing the period of legal bar, unless the time allowed is manifestly so insufficient that the statute becomes a denial of justice." See also Atchafalaya Land Co. v. F. B. Williams Cypress Co., 258 U.S. 190, 197, 42 S.Ct. 284, 66 L.Ed. 559; Terry v. Anderson, 95 U.S. 628, 632, 633, 24 L.Ed. 365; Lamb v. Powder River Live Stock Co., 8 Cir., 132 F. 434, 439, 442, 65 C.C.A. 570, 67 L.R.A. 558.

We are not able to say that the six-months limitation allowed by the Iowa statute for cleaning up previously accrued causes of action, in effecting a transition to a general two-year basis for future controversies in that State over wages or liabilities or penalties for failure to pay wages, is manifestly so insufficient in relation to Fair Labor Standards Act rights, under the conditions which obtain in Iowa and of which the legislature could take cognizance, as to amount to a denial of justice.

Appellants argue that a six-months limitation is unreasonable, because rights under the Fair Labor Standards Act are frequently so complicated or obscure as to require long administrative investigation and disclosure, and also because employees in their economic fears do not usually attempt to institute suits against their employers until their employment has ceased.

The second of these arguments would seem to have but little force as an attack upon legislative judgment, and especially when it is recalled that the period during which the clean-up limitation operated was not one of a shortage of jobs but of a

shortage of labor, and further that the Fair Labor Standards Act specifically protects an employee from discharge or discrimination for having sued upon his rights under the Act. 29 U.S.C.A. § 215(a) (3).

The first argument referred to also is unpersuasive that the six-months limitation is manifestly unreasonable as a transitional or clean-up provision for Fair Labor Standards Act rights in the State of Iowa. In the impact of the Iowa statute upon the Fair Labor Standards Act, the legislature, in arriving at its judgment of what was a reasonable limitation for the people of that State, was entitled to take into account among other things that Iowa is not a state of huge cities, of intricate industrial structure, or of uneducated and impoverished working classes; that the people of the State notoriously are ranked among the most enlightened of the nation—capable generally of comprehending and asserting their rights; and that the Fair Labor Standards Act had apparently not given rise to any great volume of complex litigation in the State over questions under the Act.[4] The legislature had the right to consider also that the Fair Labor Standards Act is no longer an infant statute, and that during the years that it has been on the books it has been the subject of widespread information, of extensive interpretation, and of comprehensive administrative and judicial enforcement.

On these possible considerations, and with a recognition of the margin to which legislative judgment is entitled in matters of this nature, we do not feel, as we have indicated, that we can say that the six-months limitation for disposing of accrued causes of action, in effecting a transition to a future two-year basis, is so manifestly insufficient and unreasonable as a clean-up measure, under the conditions obtaining in the State of Iowa, as to amount in legal effect to a denial of appellants' rights to enforce their Fair Labor Standards Act

claims in that State. The district courts of the two separate federal districts in the State of Iowa have both taken the same view. And it may further be noted that in section 6(c) of the Portal-to-Portal Act Congress itself provided a clean-up limitation of only 120 days for accrued causes of action under the Fair Labor Standards Act which were not barred by a state statute of limitations and which otherwise would have been barred by the general limitation of the Portal-to-Portal Act.

We have not deemed it necessary to make any discussion of appellants' contention that the Iowa statute is invalid because it creates a different limitation for wage claims than is applicable to professional fees such as those of lawyers, doctors and engineers.

The judgment is affirmed.

---

[4] Thus, since 1938, we have had to hear and decide only 8 cases from Iowa under the Fair Labor Standards Act, besides the case at bar. Only 7 of these cases have involved decisions on the scope of the Act or coverage questions

under it. The other case, Republic Pictures Corporation v. Kappler, 8 Cir., 151 F.2d 543, 162 A.L.R. 228, like the present one, involved the validity of a state statute of limitations.