### SCHWERI v. AMERICAN WOOLEN CO., Inc.

Civ. No. 1041.

District Court, W. D. Kentucky, at Louisville.

Aug. 9, 1948.

John H. Dougherty and J. Dudley Inman, both of Louisville, for plaintiff.

Robert F. Vaughan, of Louisville, for defendant.

SHELBOURNE, District Judge.

1. That on June 25, 1938, and continuously since the enactment of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., the defendant was engaged in commerce within the meaning of said Act.

2. That complainant was an employee of defendant continuously from June 25, 1938, until March, 1945, when he resigned.

3. That at the time of the enactment of said statute and for more than ten years previous to its enactment, complainant was and had been overseer of the "drawing department" of defendant's manufacturing plant in the City of Louisville, known as "Bradford Mills", and located at 1034 East Oak Street.

4. That from April 7, 1941, to September 27, 1941, the hours of work performed by the plaintiff of the same nature as that performed by non-exempt employees exceeded twenty (20%) per cent of the number of hours worked in the work week by the non-exempt employees under plaintiff's direction.

5. That the "drawing department" of defendant's manufacturing plant is not an independent establishment and is not a physically separated branch establishment.

6. That the plaintiff during the period of April 7, 1941, to September 27, 1941, was not employed by defendant in a bona fide executive capacity within the meaning of Section 213 of the Fair Labor Standards Act, Title 29 U.S.C.A. § 201 et seq.

7. That during the period from April 7, 1941, to September 13, 1941, plaintiff was employed by defendant at $1.05 per hour; that during the period from September 15, 1941, to September 17, 1941, plaintiff was employed by defendant at $1.12 per hour.

8. That no payments for overtime work were made to plaintiff by defendant during the period from April 7, 1941, to September 27, 1941.

9. That during said period the Company's pay roll sheets were prepared by a clerk in the drawing room, which clerk worked under the direction of the plaintiff.

10. That during said period plaintiff kept a record of the number of hours of work performed by him each day; that said records kept by the plaintiff and the pay roll records made by said clerk do not reflect the same number of hours of work during said period.

11. That during said period plaintiff informed officers of the Company of the records being kept by plaintiff and informed said officers of the defendant Company of plaintiff's claim to compensation for overtime work.

12. That plaintiff worked the following number of hours overtime (in excess of 40 hours per week) during the following periods:

Each of the 11 weeks from April 7, 1941, to June 21, 1941—13½ hours of overtime,

The period of June 23, 1941, to June 28, 1941—23 hours overtime,

The period of June 30, 1941, to July 3, 1941—2 hours overtime,

Each of the 9 weeks from July 7, 1941, to September 6, 1941—12 hours per week overtime,

The period of September 8, 1941, to September 16, 1941—10 hours overtime,

Each of the 2 weeks from September 15, 1941, to September 27, 1941—10 hours overtime per week.

### Conclusions of Law

1. This Court has jurisdiction of the parties and of the subject matter in this action, Fair Labor Standards Act, Title 29 U.S.C.A. § 216(b).

2. Both plaintiff and defendant were engaged in commerce and in the production of goods for commerce, Title 29 U.S.C.A. § 201 et seq.

3. That the plaintiff for all hours in each particular work week from April 7, 1941, to September 27, 1941, worked hours in excess of forty hours for which he was not compensated as required by the Fair Standards Act, and is entitled now to be compensated for said work at the rate of one and one-half times the regular hourly wage, which total amount is the sum of $466.18, and is entitled to recover an additional sum as liquidated damages of $466.18, together with reasonable attorneys' fees for the services of his attorneys.

4. The Court finds that the sum of $100 is a reasonable fee for the services of plaintiff's counsel.

■ 5. The preponderance of evidence in this case is that the plaintiff, Charles Schweri, was employed in a bona fide executive or administrative capacity, but during the weeks intervening between April 7, 1941, and September 27, 1941, plaintiff devoted more than twenty per cent (20%) of his working time in the performance of manual duties performed by hourly-paid employees of defendant and is, therefore, not within the exemptive provisions of Section 213(a) (1) under the regulations defining and delimiting administrative and executive employees issued by the Administrator.

"There are many cases determining that the parties can not by contract limit the scope and effect of the congressional enactment (Fair Labor Standards Act)." Kappler v. Republic Pictures Corporation, D.C., 59 F.Supp. 112, 116, affirmed 8 Cir., 151 F.2d 543, 162 A.L.R. 228, affirmed per curiam opinion 327 U.S. 757, 66 S.Ct. 523, 90 L.Ed. 991.

In the District Court opinion, the following is quoted from the case of Lenroot v. Interstate Bakeries Corporation, 8 Cir., 146 F.2d 325, 328:

"The 'duty rests on the employer to inquire into the conditions prevailing in his business. He does not rid himself of that duty because the extent of the business may preclude his personal supervision, and compel reliance on subordinates. He must then stand or fall with those whom he selects to act for him. * * * The cases must be rare where prohibited work can be done within the plant, and knowledge or the consequences of knowledge avoided.'"

■ This Court (Judge Shackelford Miller, Jr., now Circuit Judge, then Dis-

trict Judge) in the case of Bloch v. Bell, D.C., 63 F.Supp. 863, 866, affirmed 6 Cir., 152 F.2d 962, said:

"The complainant's right to recover for overtime compensation under the Act is not barred by his failure during his employment to demand such compensation."

6. Judgment awarding to plaintiff $466.18 for overtime work and a like amount as liquidated damages, together with attorneys' fees in the sum of One Hundred ($100.00) Dollars, will be presented by counsel for plaintiff upon notice to defendant's counsel.